**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WILLIAM MCPHERSON,**<br>**Plaintiff,**<br>**v.**<br>**NATHAN W DAVIS, JR, *et al.*,**<br>**Defendants.** | **Case No. 26–cv–12838–ESK–EAH**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

Plaintiff William McPherson, a prisoner detained in Northern State Prison, submitted a Complaint pursuant to 42 U.S.C. §1983. (ECF No. 1.) Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

The entire fee to be paid in advance of filing a civil complaint is $ 405. That fee includes a filing fee of $ 350 plus an administrative fee of $ 55, for a total of $ 405. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $ 350 and will not be responsible for the $ 55 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $ 405, including the $ 350 filing fee and the $ 55 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under §1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets

and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. (*Id.*)

Plaintiff may not have known when he submitted this Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff's *in forma pauperis* application is incomplete it has not been certified by a prison official. (ECF No. 3.) The Court will direct the Clerk to send plaintiff an *in forma pauperis* application. The Clerk will be directed to reopen the matter once plaintiff submits a new *in forma pauperis* application

with an account statement that has been certified by a prison official or pays the filing fee.

The Clerk shall also be directed to mail plaintiff a blank civil rights complaint form. Plaintiff shall complete and return the complaint form with his new *in forma pauperis* application or filing fee.

An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: October 1, 2026